IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEBY HEALTH CARE SERVICES, INC., ) <br> EBERE F. AMAECHI-AKUECHIAMA, ) <br> and JUDE AKUECHIAMA, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 3:21-cv-00304 |

**UNITED STATES OF AMERICA'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST EBERE F. AMAECHI-AKUECHIAMA AND JUDE AKUECHIAMA**

Plaintiff United States of America, moved for summary judgment (ECF 20) against *pro se* defendants Ebere F. Amaechi-Akuechiama and Jude Akuechiama, seeking an injunction ordering the Akuechiamas to comply with their employment tax obligations, including those incurred when operating their business Jeby Health Care Services, Inc. ("JEBY"). The Akuechiamas filed a response in opposition (ECF 21) to the summary judgment motion ("the Motion") titled "motion to deny and dismiss summary judgment and permanent injunction by consent" ("the Opposition"). The Opposition is not a really a motion, but an opposition to the Motion.

The Opposition fails (1) to create a genuine issue of disputed material fact; (2) to present any admissible evidence; and (3) to present any legal basis why the Motion

1

should not be granted. The "motion" from the Akuechiamas should be denied, and the United States' Motion should be granted.

> 1. **The Opposition Has Not Identified or Created a Genuine Issue as to any Material Fact**

The Akuechiamas have not contradicted any of the United States' uncontested facts, *i.e.,* facts 1-27 in the Motion. Thus, it remains undisputed that as officers of JEBY, the Akuechiamas have a multi-year track record of failing to meet JEBY's employment and unemployment tax obligations.

The party opposing a motion for summary judgment "must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant." *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 835-36 (Fed. Cir. 1984) (internal citation omitted); *see also Savers Fed. Sav. & Loan Asso. v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989) (internal quotations omitted). Federal Rule of Civil Procedure 56 "requires . . . the nonmoving party to . . . designate specific facts showing that there is a genuine issue for trial.")

When a responding party, like the Akuechiamas, "fails to properly address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), then the district court may consider the fact undisputed for the purposes of the motion and grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." *Vasudevan v. Adm'rs of Tulane Educ. Fund*, 706 F. App'x 147, 152 (5th Cir. 2017)

Here, because of its failure to properly address the United States' statement of facts, the Opposition fails to create a genuine dispute of fact. Under those undisputed facts, the United States is entitled to summary judgment, as elaborated below and in the Motion. Therefore, the Court should grant the Motion.

## 2. The Opposition Presents no Factual Evidence that Could Be Admissible

The Opposition presents multiple factual allegations and accompanying exhibits. No allegation is properly supported, and no exhibit is properly authenticated. Even if the exhibits had been properly authenticated, they are inadmissible hearsay. Finally, after having invoked the Fifth Amendment right against self-incrimination throughout discovery, the Akuechiamas are now barred from presenting testimonial evidence in opposition to the Motion.

### A. In the Opposition, the Akuechiamas Make Unsworn Factual Allegations

Declarations presented in support or in opposition of a motion for summary judgment must be sworn. Fed. R. Civ. Pro. 56(c)(4); *see, e.g.*, *Smith v. Palafox*, 728 F. App'x 270, 274 (5th Cir. 2018) (Plaintiff's "unsworn report and unsworn supplemental report did not comply with Federal Rule of Civil Procedure 56's requirement that, for summary judgment evidence, all affidavits must be sworn.")

The Opposition does not contain a sworn declaration, nor is one attached. To the extent the Opposition contains factual allegations, those allegations are unsupported, unsworn, and should be ignored. Neither the Akuechiamas' unsworn allegations

contained in the Opposition, nor their general denials of uncontested facts can create a genuine issue of fact.

### B. The Exhibits Accompanying the Opposition are Inadmissible

The opposition includes 26 pages of exhibits, seemingly comprising correspondence between the Akuechiamas and their tax advisors, and between the Akuechiamas and a Congressman's office. These exhibits were not properly authenticated by a signed declaration or otherwise. *See* Fed. R. Evid. 901, 902. Moreover, even if they had been properly authenticated, the communications would be inadmissible hearsay under FRE 802 for which there is no stated or apparent exception.

Finally, even if the communications were capable of being offered in admissible form, they are either irrelevant to the issue before the Court on the Motion, or they support granting the Motion. The communications reflect that the Akuechiamas were aware of JEBY's employment tax delinquencies as early as May 2018 (see page 33 of ECF 21), yet the employment tax delinquencies continued at least through the second quarter of 2020, see Uncontested fact #10. The communications do not rebut, and in fact support, the uncontested fact that JEBY has not complied with its employment tax obligations.[1]

---

[1] For instance, in the communication dated March 12, 2020, at page 17, a CPA apparently advises Defendant Mrs. Akuechiama that the Form 941 Employer's QUARTERLY Federal Tax Returns for the last quarter of 2029 and the Form 940 Employer's Annual Federal Unemployment (FUTA) Tax Return for 2019, had not yet been filed. At that point, these were approximately six weeks late as they would have been due no later than January 31, 2020.

C. **Presentation of Factual Allegations by the Akuechiamas Is Improper Because the Akuechiamas Invoked Their Fifth Amendment Right Against Self-Incrimination Throughout Discovery**

Not only have the Akuechiamas failed to present any evidence that could be admissible in support of their Opposition to rebut the factual allegations in the Motion, but they cannot do so now. After invoking the Fifth Amendment Right against self-incrimination in response to all discovery requests from the United States, they are now barred from presenting testimonial evidence when it suits them.

The United States sent Requests for Admissions(" RFAs") and Interrogatories to the Akuechiamas. *See* Uncontested Facts 25, 26. The interrogatories asked the Akuechiamas to, among other things, "list all defenses you have to the claims in this lawsuit," and that if they contended "that the United States is not entitled to the injunction against you as sought in the complaint, [to] state all the reasons why you contend that." *See* Uncontested Fact 27. Rather than asserting any defenses or disclosing a factual basis as to why an injunction would be improper, the Akuechiamas availed themselves of their Fifth Amendment Right against self-incrimination on all RFAs and Interrogatories. *See* Uncontested Facts 25, 26.

The Akuechiamas cannot now withdraw their invocation of the Fifth Amendment privilege to present evidence to rebut the uncontested facts. A party is not allowed to use the Fifth Amendment privilege as a shield and then as a sword when it suits them. *In re Edmond*, 934 F.2d 1304, 1308, 1309 (4th Cir. 1991) ("[T]he Fifth Amendment privilege cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion."); *See Nationwide*

5

*Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) ("Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial."); *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (affirming the striking of an affidavit offered in opposition of summary judgment when affiant invoked the Fifth Amendment privilege at a subsequent deposition); *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 577 (1st Cir. 1989) ("A defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial."); *Bramble v. Kleindienst*, 357 F. Supp. 1028, 1035 (D. Colo. 1973) ("Plaintiffs . . . seek to utilize the privilege not only as a shield, but also as a sword. This they cannot do") *aff'd*, 498 F.2d 968 (10th Cir. 1974).

If the Akuechiamas had any defense to this suit, they should have disclosed it in discovery, where they could have been readily subjected to cross-examination.

### 3. The Opposition Has Not Identified Any Grounds to Deny the Motion

The Akuechiamas assert that they are entitled to their day in court, but not every civil case ends in a trial. Summary judgment is a proper way to resolve a suit. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules. . .").

The Akuechiamas also allege that the IRS did not allow them to enter into a payment plan for the business delinquent employment taxes, but this is beside the point. Even if they did not qualify for a payment plan, they could have simply made voluntary

payments on their own. And more importantly, the absence or presence of a payment plan does not excuse their noncompliance. While the Akuechiamas, might have sought a payment plan to stop IRS collection of delinquent taxes, that is irrelevant to whether an injunction is necessary and proper to ensure future noncompliance with the tax laws.

      The Akuechiamas also blame external factors for their failure to comply with the tax laws: they blame Hurricane Harvey, changes in Medicare payments, United Health Care, and the Covid 19 pandemic. While one can be sympathetic to these challenges, they do not truly excuse Defendants' failure to satisfy their employment tax obligations for the number of periods at issue and their using withheld taxes and other unpaid employment taxes to fund their business during tough times at the expense of the IRS.[2]

      The Akuechiamas personal attacks on undersigned government counsel and IRS employees are likewise without support and not relevant to whether an injunction is warranted in this case, as are their claims of ethnic and racial persecution and their claims that the HHSC, OIG and IRS conspired to target immigrant business owners. Thus, the Court may disregard those contentions in deciding the Motion.

      In sum, none of the foregoing arguments by the Akuechiamas to "dismiss" or deny the Motion have merit.

---

[2] On page 7 of the Opposition, Defendants further allege that "[i]n a perfect world, everyone would pay their taxes timely. However, since it is not a perfect world, people and business do encounter adverse situations where financial obligations . . .[for] paying taxes may be affected." Defendants imply that compliance with their tax obligations is beyond their control, necessitating an injunction to ensure their compliance.

**Conclusion**

In the Motion, the United States established that the Akuechiamas operate JEBY, that JEBY has a lengthy history of noncompliance with its employment and employment tax obligations. The Motion also established that an injunction under 26 U.S.C. § 7402(a) against the Akuechiamas is necessary and proper for the enforcement of the Internal Revenue Laws. Defendant's Opposition does nothing to refute it. The Motion should be granted, and Defendant's motion should be denied.

Date: May 27, 2022

                                        DAVID A. HUBBERT
                                        Deputy Assistant Attorney General

                                        /s/ *Ignacio Perez de la Cruz*
                                        IGNACIO PEREZ DE LA CRUZ
                                        Massachusetts Bar No. 67261
                                        SDTX Federal ID No. 2433910
                                        Attorney-in-charge
                                        Tax Division
                                        U.S. Department of Justice
                                        717 N. Harwood, Suite 400
                                        Dallas, Texas 75201
                                        (214) 880-9759
                                        (214) 880-9741 (FAX)
                                        Ignacio.PerezdelaCruz@usdoj.gov
                                        **Attorney for the United States**

**CERTIFICATE OF SERVICE**

    I certify that on May 27, 2022, I electronically filed the foregoing document via the Court's ECF system, which will send notification to all parties of record. An email copy, an agreed upon mode of service, was sent to the Akuechiamas.

_____  
IGNACIO PEREZ DE LA CRUZ