IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION.

United States Courts
Southern District of Texas
FILED

JUN - 6 2022

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff | ) Case No. 3:21-cv-00304 |
| V ) | |
| JEBYHEALTH CARE SERVICES ) | |
| EBERE AMAECHI-AKUECHIAMA ) | |
| JUDE AKUECHIAMA ) | |

## 1. RESPONSE TO PLAINTIFF'S REPLY BRIEF REGARDING MOTION FOR SUMMARY JUDGEMENT AND PERMANENT INJUNCTION AGAINST EBERE AMAECHI-AKUECHIAMA JUDE AKUECHIAMA AND JEBY HEALTH CARE SERVICES.

## 2. MOTION TO DISMISS LAW SUIT.

In response to to reply brief motioned filed by Plaintiff's Attorney, the Defendants, simply wish to state the facts that are salient to this motion.

- The Defendants never had, nor do they have any

1

intention of defrauding the United States Government.

- The Defendants have, in spite of their unfortunate financial hardship, made requests for a payment plan and ARE currently up to date in their unemployment taxes.

- The Plaintiffs, through their attorney, has failed to show proof that the Defendants deliberately and purposely refused to pay taxes.

The Defendants are still hopeful for a resolution and will continue to be current with their employment tax deposits.

The DOJ Attorney in his reply stated that evidence by the Defendants, of emails communications between Jeby Health Care, the CPA and the IRS Agent showing their willingness to pay the outstanding tax was inadmissible hearsay, yet he found it neccessary to quote entries from said inadmissible hearsay.

The DOJ Attorney may quote several legal entries and judgements, but none of them prove that the Defendants refused to pay their taxes. The Attorney could not show intent on the part of the Defendants, to defraud the United States Government, or the competitors

mentioned by the DOJ Attorney.

The Defendants are confused by the DOJ Attorney's assertation that "while the Akuechiamas, might have sought a payment plan to stop IRS collection of delinquent taxes, that is irrelevant to whether an injunction is neccessary and proper to ensure future compliance with the tax laws." The Defendants wonder why an attempt to resolve issues could be termed irrelevant. It is also clear from above submission that attempts towards a payment plan did exist.

The DOJ Attorney in quoting from the Defendants earlier response, had tried to twist what the Defendants meant by circumstances beyond their control. This implication by the DOJ Attorney, is false as the Defendants don't have control over Hurricane Harvey disasters, and global events like the COVID-19 Pandemic that adversely affected the elderly and the disabled whom Jeby Health Care takes care of to get revenue.

The Defendants are still in favor of a payment plan, and are current with payroll tax obligations.

DOJ Attorney noted that Defendants should have made voluntary payments, whether they got approval for payment plan or not, but again, he failed to acknowledge

that Defendants DID make voluntary payments by taking care of all 941 and 940 tax obligations for the year 2021.

The Defendants, mindful of their 5th Amendment rights, never resorted to using it as a "sword" as alleged by DOJ Attorney. The interrogatories posed by the DOJ Attorney was full of incorrect entries. The Defendants do not owe 1120s taxes as Jeby Health Care Services Inc. is an S Corporation nor do they owe 940. These were the issues that needed to be clarified between the Defendants, CPA and the IRS Agent, Mr Cabello on his resumption of work after the Federal Disaster Declaration.

This has, in no way hindered the Defendants in making the lawful tax payments as proven by records from EFTPS - the most favored portal of the IRS for tax payments. People unwilling to pay taxes do not ask for a payment plan. The IRS Agent was to work with the Defendants' CPA on the payment plan request but veered off to drag the Defendants to court with a Form 4180 not written by the Defendants.

An injunction is a tool to get someone to comply or behave in a certain way. At this time, there is nothing to correct as the Defendants have been and are now, current with their employment taxes.

With the above mentioned reasons, it is enough to say that an injunction on the Defendants who are complying, and are current,with their payroll taxes is uneccessary and would yield no positive dividend, therefore, the motion for injunction on the Defendants should be denied, and the lawsuit dismissed.

*Amaechi Ebere Amaechi-Akuechiana*

*Amaechi Ihechiama Jude Amaechiama*